**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 16-cv-756-MSK**

**In re:**

**IRA E. KELLEY, and
ROSE M. KELLY,**

    **Debtors.**

**IRA E. KELLEY,
ROSE M. KELLEY,
STEVEN D. KILGORE,
SHERRON R. KILGORE,
SAMUEL J. SMITH, and
NANETTE M. LAFRANCE,**

    **Plaintiffs,**

**v.**

**METRO COLLECTION SERVICE, INC.,**

    **Defendant/Third-Party Plaintiff,**

**v.**

**THE ESTATE OF MARCUS DEAN GROSSENBACH,**

    **Third-Party Defendant.**

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO WITHDRAW REFERENCE**

    **THIS MATTER** comes before the Court on the Defendant/Third-Party Plaintiff Metro Collection Service, Inc.'s Motion to Withdraw Reference and Request for Trial by Jury **(#1)**. The Plaintiffs filed a Response to the motion, which can be found at Docket #111 in Bankruptcy

Case No. 14-01501-EEB. No response or opposition has been filed by the Estate of Marcus Dean Grossenbach (Mr. Grossenbach).

## I. Background

In July 2013, the Debtors filed a voluntary petition for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. In October 2013, the Debtors were granted a discharge under 11 U.S.C. § 727, and the case was closed. Thereafter, the Debtors, along with other named Plaintiffs, initiated this adversary proceeding against Metro Collection Service, Inc. (Metro), Marcus Grossenbach, and John Doe.[1] The adversary proceeding complaint alleges the following facts.

Each of the named Plaintiffs hired the Law Offices of Sharon Grossenbach to file a Chapter 7 bankruptcy case. They each entered into a fee agreement with Ms. Grossenbach. The fee agreement provided that a portion of the fee was to be paid before the bankruptcy petition was filed and that the remainder of the fee was to be paid after the bankruptcy petition was filed. Sharon Grossenbach passed away in November 2013.

Marcus Gossenbach, Sharon Grossenbach's son worked at her Law Office as office administrator. After his mother's death, Mr. Grossenbach (who is not an attorney) and John Doe formed a "bankruptcy petition preparer company" known as Grossenbach and Tree, which they claimed was the successor company to the Law Offices of Sharon Grossenbach. Mr. Grossenbach began to "aggressively" pursue the Plaintiffs for payment of fees owed to Ms. Grossenbach. Mr. Grossenbach and John Doe hired Metro to collect on the debts.

The Plaintiffs allege that Metro knew or should have known that they were attempting to collect on pre-petition debts that were subject to automatic stay and/or discharge injunctions. The Plaintiffs assert claims that the Defendants' actions in collecting and attempting to collect on

---

[1] The action was later certified as a class action pursuant to Fed. R. Bankr. P. 7023.

the pre-petition debts violated the automatic stay and/or the discharge injunction issued in each of their respective bankruptcy cases.

During the pendency of this adversary proceeding, Mr. Grossenbach passed away. The Plaintiffs then withdrew their claims against Mr. Grossenbach and John Doe, leaving only claims against Metro. The Plaintiffs seek to enjoin Metro from collecting on the debts, and request an award of actual damages, including disgorgement of all fees paid post-petition, as well as punitive damages.

Metro filed a Third-Party Complaint against the Estate of Mr. Grossenbach asserting claims based upon Colorado law. The Third-Party Complaint alleges that when Ms. Grossenbach died, Mr. Grossenbach was appointed the personal representative of her estate. Mr. Grossenbach, doing business as Grossenbach and Tree, assigned 64 accounts involving unpaid attorney fees owed to Sharon Grossenbach to Metro. It alleges that Mr. Grossenbach represented to Metro that he had the right to collect on the debts, that he was assigning his rights and interests in the accounts, and that at no time did he advise Metro that the assigned debts may have been subject to bankruptcy or discharge. Metro asserts claims for (1) negligent misrepresentation in that Mr. Grossenbach knowingly misrepresented that he had the right to collect on the debts and that Metro detrimentally relied on his misrepresentations; and (2) fraud in the inducement in that Metro relied on Mr. Grossenbach's misrepresentations when accepting the assignment of the 64 accounts. Metro demands a jury trial on its claims and seeks actual damages and attorney fees.

The Third-Party Complaint also alleges that Metro filed a claim in the probate action administering Mr. Grossenbach's estate and that it has received a Notice of Disallowance of Claims, pursuant to Colo. Rev. Stat. 15-12-806. It is not clear whether Metro has sought any reconsideration of the denial of its claim.

Pursuant to 28 U.S.C. § 157(d), Metro moves to withdraw **(#1)** the automatic reference of this matter to the Bankruptcy Court.

**II. Analysis**

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, district courts have original jurisdiction over bankruptcy cases and related proceedings. 28 U.S.C. § 1334(a), (b); *see also Wellness Intern. Network, Ltd. V. Sharif*, 135 S.Ct. 1932, 1939-40 (2015). But "[e]ach district court may provide that any or all" bankruptcy cases and related proceedings "shall be referred to the bankruptcy judges for the district." § 157(a). This Court has generally referred bankruptcy cases and related proceedings to the Bankruptcy Court.

When a district court refers a case to a bankruptcy judge, that judge's statutory authority depends on the classification of the matter as a "core proceeding" or a "non-core proceeding." §§ 157(b)(2), (4). Congress has identified as "core" a nonexclusive list of 16 types of proceedings, § 157(b)(2), in which bankruptcy courts can enter judgment. § 157(b)(1). In non-core proceedings, bankruptcy courts may "hear and determine" such proceedings, and "enter appropriate orders and judgements," *only* "with the consent of all the parties to the proceeding." § 157(c)(2). Absent consent, bankruptcy courts in non-core proceedings must "submit proposed findings of fact and conclusions of law," to the district court for *de novo* review. § 157(c)(1).

Under § 157(d), a district court *may* withdraw a reference to the bankruptcy court "on its own motion or on timely motion of any party, for cause shown." This is known as discretionary or permissive withdrawal.[2] *See Security Farms v. Int'l Broth. of Teamsters, Chauffers,*

---

[2] Mandatory withdrawal is governed by the second sentence of § 157(d) that provides that the District Court "must" withdraw the reference if it determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. *See Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996).

*Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).  The statute does not explicate what type of "cause" must be shown, and the Tenth Circuit has not provided comprehensive guidance on the issue.  Other circuit courts that have considered what constitutes "cause" have generally held that the district court should consider factors such as (i) considerations of efficiency, including the use of judicial resources, delay and cost to the parties, and facilitating the bankruptcy process, (ii) prevention of forum shopping, and (iii) uniformity in the administration of bankruptcy law.  *See, e.g., Security Farms*, 124 F.3d at 1008; *In re Orion Pictures, Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *In re Pruitt¸* 910 F.2d 1160, 1168 (3d Cir. 1990); *In re Simmons*, 200 F.3d 738, 741-42 (11th Cir. 2000); *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985).

Metro argues that there is "cause" to withdraw the reference because it has a Seventh Amendment right to a jury trial on its third-party claims and that it made a proper demand for a jury trial on those claims.  Assuming, without deciding, that Metro has a right to a jury trial, withdrawal of its Third-Party claims would be appropriate because the Bankruptcy Court cannot provide a jury trial.[3]

However, this does not mean that reference of the entire adversary proceeding should be withdrawn.  Section 157(d) grants the Court authority to withdraw any proceeding "in whole or

---

[3] The Seventh Amendment protects a litigant's right to a jury trial if a cause of action is legal in nature and involves a matter of "private right."  *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 n.4 (1989).[3]  In the Tenth Circuit, a right to have a jury trial constitutes "cause" for withdrawal where the bankruptcy court is not authorized to conduct a jury trial.  In *In re Kaiser Steel Corp.*, 911 F.2d 380, 389 (10th Cir. 1990), the Tenth Circuit held that judges lack the authority to conduct jury trials.  Since the *Kaiser* decision, § 157(e) was added, which provides that a bankruptcy judge may conduct a jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all parties.  Nevertheless, this court has not authorized the bankruptcy court to conduct jury trials, and therefore cause to withdraw the reference may be shown where a party has a Seventh Amendment right to a jury trial and a timely demand is made.

5

in part." In addition, Fed. R. Bankr. P 7014, which governs third-party claims in adversary proceedings, recognizes that a third-party claim can be severed from the underlying claims for separate determination.

The Court has some doubt that Metro's claims are proper third-party claims under Fed. R. Bank. P. 7014. Rule 7014 incorporates the provisions of Fed. R. Civ. P. 14. Rule 14(a)(1) authorizes the bringing of a third-party claim against a "nonparty who is or may be liable to it for all or part of the claim against it." Here, the Plaintiffs assert claims against Metro for its alleged actions in violating the automatic stay under 11 U.S.C. § 362(k) and the discharge injunction imposed by to 11 U.S.C. § 524. To prove a willful violation of the automatic stay, the Plaintiffs must prove that Metro knew of the automatic stay and intended the actions that constituted the violation. *See In re Johnson*, 501 F.3d 1163, 1172 (10th Cir. 2007). As to a discharge injunction, the question is whether Metro's conduct had the practical, concrete effect of coercing payment of a discharged debt — bad faith is not required. *See In re Paul*, 534 F.3d 1303, 1308 (10th Cir. 2008). Evidence of representations made by Mr. Grossenbach to Metro may bear upon what Metro knew, but even if Metro is found liable on either claim, that does not necessarily make Mr. Grossenbach's estate liable for what Metro did.

Assuming, however, that Metro's third-party claims are properly asserted, the Court finds that the underlying claims asserted by the Plaintiffs are core claims properly determined by the Bankruptcy Court. Metro's claims, in contrast, are at most "related" claims based upon state law. They can, and arguably should be, tried separately after the underlying claims are resolved. Accordingly, the Court finds that the third-party claims should be severed from the Plaintiffs' claims and that withdrawal is appropriate *only* for Metro's third-party claims against Mr. Grossenbach's estate.

Upon withdrawal, however, this Court will abstain from determining Metro's third-party claims for two reasons. First, 28 U.S.C. § 1334(c)(2) provides that in a related proceeding based on a state law claim where no other basis for jurisdiction exists, the Court must abstain from hearing the proceeding if an action has been commenced and can be timely adjudicated in a state court. That is the case here. Metro asserted its claim against the Estate of Marcus Grossenbach in the state court probate case. It appears that the claim was provisionally denied, but there is no indication that it cannot be fully and timely adjudicated in the probate court. Indeed, upon receipt of the notice of disallowance, Metro has 63 days (which can be extended upon request) in which to petition for allowance with the probate court or commence a proceeding against the personal representative in the probate court. *See* Colo. Rev. Stat. § 15-12-806.

Second, the *Younger* abstention doctrine requires a Court to abstain when (i) there are ongoing state proceedings, (ii) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (iii) the state proceeding involve important state interests, matters that traditionally look to state law for the resolution. *See Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Probate matters are governed exclusively by state law, and it appears from the allegations in the Third-Party Complaint that there is active probate administration of Mr. Grossenbach's estate in which Metro's claims should be determined. To separate the determination of Metro's claims from determination of other claims against Mr. Grossenbach's estate could arguably delay the estate's administration and closure.

### III. Conclusion

For the forgoing reasons, the Motion to Withdraw **(#1)** is **GRANTED IN PART AND DENIED IN PART**. The motion is granted with respect to Metro Collection Service, Inc.'s third-party claims against the Estate of Marcus Dean Grossenbach. The third-party claims are

severed, and the automatic reference to the Bankruptcy Court is withdrawn.  The Court abstains from making any determination as to the third-party claims, and accordingly, the third-party claims are **DISMISSED** without prejudice.

The motion is denied with respect to the Plaintiffs' claims against Metro Collection Service, Inc.  The Bankruptcy Court retains jurisdiction over that portion of the case for all purposes.

The Clerk is directed to notify the parties and the Clerk of the Bankruptcy Court of this ruling and to close this case.

Dated this 27th day of June, 2016.

                              **BY THE COURT:**

                              */s/ Marcia S. Krieger*

                              Marcia S. Krieger
                              Chief United States District Judge